UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 09-81590-MARRA/JOHNSON

JI-EE INDUSTRY CO. LTD., a foreign corporation,

    Plaintiff,

v.

PARAGON METALS, INC.,

    Defendant.

_____

## DEFENDANT'S MOTION TO DISMISS
## COUNTS TWO (II) AND FOUR (IV) OF THE COMPLAINT

Defendant, PARAGON METALS, INC. ("Defendant"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves for an order dismissing Counts II and IV of the Complaint filed by Plaintiff JI-EE INDUSTRY CO. LTD. ("Plaintiff") [D.E. 1], for failure to state a cause of action, and, as grounds therefore states as follows:

### Background

This is a diversity action alleging, *inter alia*, the breach of a contract whereby Plaintiff supplied automotive parts to Defendant pursuant to written purchase orders issued by Defendant. Plaintiff alleges that it supplied the parts to Defendant and thereafter issued invoices to Defendant which remain unpaid.[1]

---

[1] Plaintiff has not attached either the purchase orders or the invoices to its Complaint.

Plaintiff's Complaint consists of four counts: Count I for Breach of Contract; Count II for Unjust Enrichment; Count III for Account Stated and Count IV for Promissory Estoppel.

Plaintiff's Complaint has employed the style of "shotgun pleading", where each Count incorporates all preceding allegations in the Complaint. By doing that, Plaintiff's claims for Unjust Enrichment (Count II) and Promissory Estoppel (Count IV) fail to state a cause of action, as they allege the existence of a written contract in equitable claims that can only be maintained in the absence of a written agreement. Therefore, these Counts should be dismissed.

### Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint and requests that the Court determine whether the complaint sets forth sufficient allegations to establish a claim for relief. *See Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the non-moving party. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff must do more than merely "label" its claims. *See Broward Garden Tenants Ass'n v. E.P.A.*, 157 F. Supp.2d 1329, 1337 (S.D. Fla. 2001) (citing *Blumel v. Mylander*, 919 F. Supp. 43, 425 (M.D. Fla. 1996)). Moreover, when on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the plaintiff's causes of action, dismissal of the complaint is appropriate. *Campos v. I.N.S.*, 32 F. Supp.2d 1337, 1343 (S.D. Fla. 1998) (citing *Marshall County Bd. of Educ. v. Marshall County Gas District*, 992 F.2d 1171 (11th Cir. 1993)).

CASE NO.: 09-81590-MARRA/JOHNSON

## Argument

### A. The Existence of a Written Agreement Defeats Plaintiffs' Equitable Claims

Plaintiff's cause of action for Unjust Enrichment (Count II) and Promissory Estoppel (IV) must be dismissed due to the existence of an express contract between the parties. Under Florida law, equitable remedies are not available where an express contract exists. *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. 3d DCA 1987). Federal courts applying Florida law have also consistently held that equitable claims, such as unjust enrichment and promissory estoppel, cannot be maintained where there is an express written agreement between the parties. *See Mobil Oil Corp. v. Dade County Esoil Management Co., Inc.*, 982 F. Supp. 873, 880 (S.D. Fla. 1997) (upon a showing that an express contract exists counts for unjust enrichment and promissory estoppel fail); *Schoenborn v. Man Diesel North Amer., Inc.*, 2009 WL 1812089, at *1 (S.D. Fla. June. 25, 2009) (same); *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F.Supp.2d 1317, 1326-27 (S.D. Fla. 2000) (existence of express written agreement between parties precludes claims for unjust enrichment); *Mario v. Centex Homes*, 2006 WL 560150, at *1 (M.D. Fla. Mar. 7, 2006) ("The existence of a contract precludes an action for unjust enrichment.") (citing Florida cases).

Here, in paragraphs 7-12 of the Complaint, Plaintiff alleges the existence of two written purchase orders between the parties. At paragraphs 26-28, Plaintiff alleges the existence of written invoices for payment and specifically states that "a valid contract for the sale of auto parts exists between Plaintiff and Paragon". Complaint at ¶ 26. Plaintiff then incorporates these specific paragraphs into Counts II and IV. Complaint at ¶¶ 32 and 43. By doing that, and in accordance with the case law cited herein, Counts II and IV must be dismissed.

WHEREFORE, Defendant requests that this Court enter an Order dismissing Counts II and IV of the Complaint and all other relief deemed just and proper.

CASE NO.: 09-81590-MARRA/JOHNSON

## CERTIFICATE OF COMPLIANCE

In compliance with Rule 7.1(A)(3)(a) of the Local Rules for the United States District Court for the Southern District of Florida, counsel hereby certifies that a good faith effort was made to resolve the issues raised herein by sending an e-mail to opposing counsel Christopher B. Hopkins, Esq., setting forth the basis of the legal argument herein (and requesting that he agree to amend the Complaint), and by leaving a follow up voice mail with Mr. Hopkins. Undersigned counsel has not received a response from Mr. Hopkins prior to filing this motion.

/s/ Mitchell W. Mandler
Mitchell W. Mandler, Esq.
Florida Bar No. 286893

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on January 14, 2010. We also certify that the foregoing document is being served this day on Christopher B. Hopkins, Esq., Butzel Long, 125 Worth Avenue, Suite 330, Palm Beach, FL 33480 via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

BECKER & POLIAKOFF, P.A.
Attorneys for Defendant
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
Telephone: (305) 262-4433
Facsimile: (305) 442-2232
mmandler@becker-poliakoff.com

By: /s/ Mitchell W. Mandler
Mitchell W. Mandler, Esq.
Florida Bar No. 286893
Michael Schwager, Esq.
Florida Bar No. 963941

ACTIVE: P20318/305827:2852375_1