UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

CASE NO. 09-81590-MARRA/JOHNSON

JI-EE INDUSTRY CO. LTD.,
a foreign corporation,

           Plaintiff,

v.

PARAGON METALS, INC.,

           Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS I AND II OF COMPLAINT

Defendant, PARAGON METALS, INC. ("Defendant"), by and through its undersigned counsel, hereby files its Reply to Plaintiff's Response to Defendant's Motion to Dismiss Counts I and II of the Complaint. In support thereof, Defendant states as follows:

Plaintiff filed a Complaint containing the following four counts: Count I for Breach of Contract; Count II for Unjust Enrichment; Count III for Account Stated and Count IV for Promissory Estoppel. The Complaint employed the style of "shotgun pleading", where each Count incorporates all preceding allegations in the Complaint. By doing that, Plaintiff's equitable counts for Unjust Enrichment (Count II) and Promissory Estoppel (Count IV) contained the express allegation that written agreements exist between the parties. Since the existence of a written agreement prohibits recovery through equitable claims, Defendant filed a Motion to Dismiss Counts II & IV of the Complaint.

Case No. 09-81590-MARRA/JOHNSON

In its Response to the Motion to Dismiss, Plaintiff cites legal authority to argue that a party may allege claims of promissory estoppel and unjust enrichment in the alternative to a claim for breach of contract.  Defendant does not dispute that concept.  However, that is not what Plaintiff has done.  Here, within the counts for promissory estoppel and unjust enrichment, Plaintiff has specifically pled the existence of a written contract.  It is the allegation of the existence of a written contract within these actual counts that render Counts II and IV subject to dismissal.  *Poe v. Estate of Levy*, 411 So. 2d 2536, 256 (4th DCA 1982) ("allegations of an express agreement preclude, in the same count, a claim for quantum meruit").

## CERTIFICATE OF COMPLIANCE

In compliance with Rule 7.1(A)(3)(a) of the Local Rules for the United States District Court for the Southern District of Florida, counsel hereby certifies that a good faith effort was made to resolve the issues raised herein by contacting opposing counsel, Christopher B. Hopkins, Esquire, who has indicated that he cannot agree to the relief requested herein.

    /s/ Mitchell W. Mandler  
MITCHELL W. MANDLER  
Florida Bar No. 286893

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF on February 8, 2010.  We also certify that the foregoing document is being served this day on Christopher B. Hopkins, Esquire, Butzel Long, 125 Worth Avenue, Suite 330, Palm Beach, FL  33480 via transmission of Notices of Electronic

Case No. 09-81590-MARRA/JOHNSON

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

        BECKER & POLIAKOFF, P.A.
        Attorneys for Defendant
        121 Alhambra Plaza, Tenth Floor
        Coral Gables, FL  33134
        Telephone:     (305) 262-4433
        Telecopier:    (305) 442-2232
        E-Mail:        mmandler@becker-poliakoff.com

By:   /s/ Mitchell W. Mandler
      MITCHELL W. MANDLER
      Florida Bar No. 286893
      MICHAEL S. SCHWAGER
      Florida Bar No. 963941

ACTIVE: P20318/305827:2871891_1