UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81590-CIV-MARRA

JI-EE INDUSTRY CO., LTD.,
a foreign corporation,

Plaintiff,

vs.

PARAGON METALS, INC.,

Defendants.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant's Motion to Dismiss Counts Two and Four of the Complaint (DE 6). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is fully advised in the premises.

According to the allegations of the Complaint, Plaintiff JI-EE Industry Co. Ltd. ("Plaintiff") issued a purchase order for automobile parts on December 3, 2003, which was repeatedly amended. (Compl. ¶¶ 7-8.)  From November 2007 through June 2008, Plaintiff issued invoices to Defendant Paragon Metals, Inc. ("Defendant") in amounts totaling $895,068.51. (Compl. ¶¶ 13-24.)  Defendant has refused to pay the principal balance due to Plaintiff. (Compl. ¶ 24.)  The four-count Complaint alleges breach of contract (count one), unjust enrichment (count two), account stated (count three) and promissory estoppel (count four).

Defendant moves to dismiss the claims for unjust enrichment and promissory estoppel pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that the Complaint is a shotgun pleading wherein each count incorporates all preceding allegations in the Complaint.

According to Defendant, Plaintiff's claims for unjust enrichment and promissory estoppel impermissibly allege the existence of a written contract even though these equitable claims can only be maintained in the absence of a written agreement.

The Court begins by noting that this Complaint does not constitute a shotgun pleading. Indeed, in those cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 366 (11th 1996).  Here, the facts are simply stated; namely, that Plaintiff has supplied automobile parts to Defendant for which Defendant has not paid. Furthermore, the proper remedy for a shotgun pleading is the alternative relief of a more definite statement under Rule 12(e), and not a motion to dismiss pursuant to Rule 12(b)(6) as sought here.  Id.

Next, with respect to Defendant's contention that it is improper for the claims for promissory estoppel and unjust enrichment to incorporate the allegation of the existence of a written contract, Defendant is technically correct.  There can be no unjust enrichment or promissory estoppel claim when there is an express contract between the parties.  See Moynet v. Courtois, 8 So. 3d 377, 379 (Fla. Dist. Ct. App. 2009) (unjust enrichment); Diamond "S" Development Corp. v. Mercantile Bank, 989 So. 2d 696, 697 (Fla. Dist. Ct. App. 2008) (unjust enrichment); Doe v. Univision Television Group, Inc., 717 So. 2d 63, 65 (Fla. Dist. Ct. App. 1998) (promissory estoppel).[1]   Clearly, then, a complaint cannot allege an express agreement in a claim for unjust enrichment or promissory estoppel.  Cf. Poe v. Levy's Estate, 411 So. 2d 253,

---

[1] In a diversity case, the Court applies Florida law.  See Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132-33; Royal Ins. Co. of America v. Whitaker Contracting Corp., 242 F.3d 1035, 1040 (11th Cir. 2001).

256 (Fla. Dist. Ct. App. 1982). ("allegations of an express agreement preclude, in the same count, a claim for quantum meruit."). That stated, Plaintiff is not prevented from pursuing the alternative claims of breach of contract, unjust enrichment and promissory estoppel in separate counts. See Williams v. Bear Stearns & Co., 725 So. 2d 397, 400 (Fla. Dist. Ct. App.1998) ("Until an express contract is proven, a motion to dismiss a claim for . . . unjust enrichment on these grounds is premature."); see also Rule 8(d)(2) of the Federal Rules of Civil Procedure ("a party may set out 2 or more statements of a claim or defense alternatively or hypothetically"); Manicini Enterprises, Inc. v. American Exp. Co., 236 F.R.D. 695, 698-99 (S.D. Fla. 2006) (a plaintiff may plead inconsistent or alternative theories of relief). With these principles in mind, Plaintiff is directed to amend the Complaint to correct this internal inconsistency.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Counts Two and Four of the Complaint (DE 6) is **GRANTED.** Plaintiff is given 10 days from the date of entry of this Order to file an Amended Complaint.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of March, 2010.

_____
KENNETH A. MARRA
United States District Judge